Dear Dr. Mallory:
Pursuant to § 27.040, RSMo, 1978, you have requested this office's formal opinion to the following question:
 The Depository Institutions Deregulation and Monetary Control Act of 1980 (P.L. 96-221) authorizes depository institutions to pay interest on NOW (Negotiable Order of Withdrawal) accounts. Do the provisions of this act require local school districts to bid depositaries in accordance with the provisions of Sections 165.211 to 165.291, RSMo?
In general, depositaries in six-director districts shall be selected by bids from banking institutions in the county in which the school district is located. Section 165.211, RSMo Supp. 1980. However, § 165.201, RSMo, authorizes school districts to select depositaries without advertising for bids in the following instances:
 If at the time bids should be received or the selection of depositaries should be made in six-director districts in accordance with the provisions of sections 165.211 to 165.291, it is unlawful for banking institutions to pay interest upon demand deposits, or if there is not a sufficient number of bids submitted, the board may name depositaries of all or any part, not less than one-sixteenth part thereof, of its funds, without advertising for bids and without requiring the payment of any interest. Each depositary selected within ten days after its selection in accordance with the provisions of this section shall deposit securities required for the deposit of school funds as provided in sections 110.010 and 110.020, RSMo.
Therefore, the question you pose in your opinion request is dependent upon whether Public Law 96-221 which authorizes depositary institutions to pay interest on NOW accounts makes it "lawful" for banking institutions to pay interest upon demand deposits.
A review of pertinent Missouri banking statutes reveals that the legality of paying interest upon deposits payable on demand is determined by authorization under the laws of the United States of America or by regulations issued under authority of these laws. Section 362.385. Although the term "demand deposit" is defined in § 362.010(4) as "deposits, payment of which can legally be required within thirty days," this definition only applies when the term is used in Chapter 362. See § 362.010. In Chapter 362, the term "demand deposit" is only used in the statutory sections dealing with legal reserve deposits. Therefore, it is necessary to determine whether under P.L. 96-221 and the regulations issued under authority of this law, authorize the payment of interest on demand deposits.
A review of P.L. 96-221 and the regulations promulgated thereto suggests that a NOW account does not involve the use of demand deposits, rather a NOW account is the use of savings deposits. A depositary institution is authorized by12 U.S.C. § 1832(a)(1):
 [T]o permit the owner of a deposit or account on which interest or dividends are paid to make withdrawals by negotiable or transferable instruments for the purpose of making transfers to third parties.
However, 12 U.S.C. § 371a, still prohibits a member bank from paying interest on any deposit which is payable on demand. A "demand deposit" is defined as "every deposit which is not a `time deposit' or `savings deposit' as defined in12 C.F.R. § 329.1 and 12 C.F.R. § 217.1." See, 12 C.F.R. § 329.1 and12 C.F.R. § 217.1. The federal regulations on banks and banking further support the statutory prohibition against payment of interest on demand deposits. 12 C.F.R. § 329.2(a);12 C.F.R. § 217.2(a).
Contrarily, the code of federal regulations explicitly authorizes payment of interest on savings deposits.12 C.F.R. § 329.1(e); 12 C.F.R. § 217.1(e). Savings deposits are defined to include:
 [A]ll interest-bearing deposits subject to withdrawal by negotiable or transferrable interest for the purpose of making transfers to third parties where such withdrawals are authorized by law. (12 C.F.R. § 329.2(e)(2)(i); 12 C.F.R. § 217.1(e)(3).)
Therefore, a NOW account does not involve the use of demand deposits, rather the use of savings deposits.
This office does not pass on whether a local school district or any other governmental unit is eligible to hold a NOW account. However, a recent Federal Reserve press release, dated October 20, 1980, indicates that independent school districts are a category of depositors which are eligible to hold NOW accounts at member banks.
CONCLUSION
Therefore, it is the opinion of this office that local school districts are not required to bid depositaries in accordance with the provisions of Chapter 165, RSMo, because it is "unlawful" for a banking institution to pay interest upon demand deposits.
The foregoing opinion, which I hereby approve, was prepared by my Assistant, Leslie Ann Schneider.
Very truly yours,
 JOHN ASHCROFT Attorney General